**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MIKE RODRIGUEZ,

      Plaintiff,

v.                                   No. CIV 09-0400 RB/GBW

CMS, ET AL., P.A. MAUREEN,
DR. ARNOLD (CENTRAL MEDICAL SERVICES),
WARDEN HEREDIA FOR SNMCF/POU LEVEL II,
JOE WILLIAMS, SECRETARY OF CORRECTIONS, ET AL.,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff suffered a hernia while working at the prison.  Plaintiff asserts that over a period of several months, he was denied adequate medical treatment for his condition.  The named Defendants are the contract medical service and two of its employees, the prison warden, and the New Mexico Secretary of Corrections.  The Defendants allegedly have shown deliberate indifference to Plaintiff's medical condition, in violation of his rights under the Eighth Amendment.  The complaint seeks damages and injunctive relief.

No relief is available on Plaintiff's claim against Defendant P.A. Maureen.  Plaintiff makes only a single mention of P.A. Maureen during the three-month period that the complaint describes.  On December 30, 2008, Plaintiff had a cold and went to the infirmary without an appointment.  He was told by another staff person that P.A. Maureen was too busy to see him, and he was given an appointment two weeks later.  This allegation simply does not assert either "that defendants' delay . . . caused [Plaintiff] substantial harm . . . . [or] "that defendants knew about and disregarded a substantial risk of harm to [Plaintiff's] health and safety."  *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005) (citations omitted).  Plaintiff's allegations do not support an Eighth Amendment claim against Defendant P.A. Maureen, and this claim will be dismissed.

Furthermore, Plaintiff's allegations do not support claims against Defendant Heredia, the warden of the facility, or Defendant Williams, the New Mexico Secretary of Corrections.  Plaintiff makes no factual allegations against these Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil

rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendants Williams and Heredia.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants P.A. Maureen, Williams, and Heredia are DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Arnold and CMS.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE